IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRUCE CAMERON DAVIDSON,<br><br>       Plaintiff,<br><br>v.<br><br>DFW DRUG REHAB, L.L.C.,<br><br>       Defendant. | 2:24-CV-113-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Entry of Final Judgment by Default Against Defendant ("Motion") (ECF No. 11). After considering the record as a whole and all relevant legal authorities, the Motion is **GRANTED in part** and **DENIED in part**. The Court **AWARDS $5,000.00** in damages with prejudgment interest at a rate of **7.50%**, **$1,912.50** in attorneys' fees, and **$405.00** in costs.

### BACKGROUND

This case concerns the alleged copyright infringement of Plaintiff's photograph, used without permission on the website of a sober living program. Plaintiff notified Defendant on June 28, 2023, of the copyright in the photograph (the "Work"), requesting that use of the Work be discontinued and payment of a license fee to compensate Plaintiff for the unauthorized use. ECF No. 11 at 7. When Defendant refused to pay, Plaintiff filed suit on May 22, 2024, alleging violations of the Copyright Act (17 U.S.C. § 101, *et seq*.). ECF No. 1 at 5–6. The Court issued summons to the Defendant on May 23, 2024, and such summons was returned as executed. ECF Nos. 5, 7. Defendant filed no answer or responsive pleading within 21 days of the date of service, as required under Federal Rule of Civil

Procedure 12(a)(1)(A)(i). On July 26, 2024, Plaintiff requested the Clerk to issue an Entry of Default under Federal Rule of Civil Procedure 55(a). ECF No. 8. The Clerk did so one week later. ECF No. 9.

The instant Motion, filed September 20, 2024, seeks entry of a Final Judgment of Default under Federal Rule of Civil Procedure 55(b), statutory damages amounting to $21,000.00, costs amounting to $490.00, attorney's fees amounting to $2,435.00, and a permanent injunction against Defendant. ECF No. 11 at 19.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment — "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal citation omitted). Defendants default when they fail to plead or otherwise respond to the complaint within the allotted time, thereby entitling the plaintiff to apply for judgment based on such default. *See* FED. R. CIV. P. 55(a). If a default occurs and the Clerk enters default, the movant may "apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). But courts may grant or deny in their discretion. *Lewis*, 236 F.3d at 767.

Default judgment is available if a movant establishes: (1) that the defendant was served with summons and complaint and default was entered for the defendant's failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service; and (4) if the defendant has appeared in the action, that the defendant had notice of the application for default judgment. FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931. The movant must also make a prima facie showing of jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

A three-pronged analysis guides courts in determining whether default judgment is appropriate. *Rubin v. Carvi's Custom Painting, LLC*, No. 4:24-CV-005-P, 2024 WL 3363920, at *1

(N.D. Tex. July 10, 2024). First, the court must ask if default judgment is procedurally proper. *Id.* This requires consideration of the six *Lindsey* factors, provided by the Fifth Circuit: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether the grounds for default are clearly established," (4) "whether the default was caused by a good faith mistake or excusable neglect," (5) "the harshness of a default judgment," and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, if default judgment is procedurally proper, courts analyze the substantive merits of the plaintiff's claims. *Rubin*, 2024 WL 3363920, at *1. This requires a "sufficient basis in the pleadings for the judgment." *Id.*; *see also* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). By failing to answer a complaint, a defendant admits the plaintiff's allegations of fact, and the facts are deemed admitted for purposes of judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant may not contest these facts on appeal. *Id.*

Third, courts determine what form of relief — if any — is appropriate. *Rubin*, 2024 WL 3363920, at *1. In making this determination, it is not necessary to take the plaintiff's well-pleaded factual allegations regarding damages as true. *Id.* If damages are readily calculable, a court may enter default judgment without conducting a hearing, upon timely motion from the plaintiff. *Id.*; FED. R. CIV. P. 55(b).

**ANALYSIS**

**I. The Court has jurisdiction.**

Plaintiff sued under the Copyright Act, 17 U.S.C. Section 101, *et seq*., affording the Court federal question jurisdiction. *See* 28 U.S.C. § 1331.

**II. Default judgment is procedurally proper.**

    *a. Material issues of fact*

"Default judgments are improper where material issues of fact remain notwithstanding a defendant's default." *Rubin*, 2024 WL 3363920, at *2 (quoting *Lindsey*, 161 F.3d at 893). No such material issues remain here. As Plaintiff correctly notes, Defendant's default requires the Court to assume the truth of Plaintiff's allegations. *Id.*; ECF No. 11 at 11. Plaintiff "need only prove (1) ownership of a copyright in the Work and (2) [Defendant's] unauthorized copying of the work." *Rubin*, 2024 WL 3363920, at *2. Plaintiff provided sufficient evidence to support the allegations in the Complaint by providing an image of the Work, the copyright registration number assigned to the Work, and an image of the Work being used on Defendant's website. *See* ECF Nos. 11 at 9–11, 11-2 at 2–3. The first *Lindsey* factor favors default judgment.

    *b. Substantial prejudice*

Where a litigant's rights would be substantially prejudiced, a default judgment is also improper. *Rubin*, 2024 WL 3363920, at *2. Defendant's refusal to engage in the litigation substantially prejudiced Plaintiff's rights, as Plaintiff has been entwined in one-sided litigation for nearly two years. *See* ECF No. 11 at 7 (noting Plaintiff's initial contact with Defendant, through counsel, on June 28, 2023). And nearly eight months of this conflict has involved active litigation. *Id.* (listing a Complaint filing date of May 22, 2024). For the foregoing reason — as well as no indication that Defendant would be unfairly prejudiced, based on the complete absence of engagement or rebuttal — the second *Lindsey* factor supports default judgment.

    *c. Clearly established grounds for default*

Default judgment is "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274,

4

276 (5th Cir. 1989). Just so here. Defendant has not compensated Plaintiff for the unauthorized use of the Work, has not responded to the Complaint, and has not engaged in any way following the Clerk's Entry of Default. ECF No. 11 at 7–8. The third *Lindsey* factor supports default judgment.

### d. Good-faith mistake, excusable neglect, and harshness

Default judgment is a harsh remedy and should only be resorted to "in extreme situations." *Lewis*, 236 F.3d at 767. Accordingly, default judgment may be too extreme where default results from a "good faith mistake" or "excusable neglect." *Rubin*, 2024 WL 3363920, at *3. Neglect is not considered excusable where there is a "clear record of delay or contumacious conduct." *Sun Bank of Ocala*, 874 F.2d at 276. Here, the record lacks any indication that Defendant's default resulted from a good-faith mistake or excusable neglect. As discussed above, Defendant was properly served with process (ECF Nos. 5, 7) and has neglected at every turn to engage in the adversary process. Because the Court is without any explanation for Defendant's inability or unwillingness to make an appearance, the fourth and fifth *Lindsey* factors support default judgment.

### e. Obligation to set aside default judgment

The sixth and final *Lindsey* factor asks "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Given the clear satisfaction of the preceding *Lindsey* factors, the Court finds no reason to set aside the default judgment upon motion from Defendant.

The *Lindsey* factors offer little support for Defendant, and given the clear satisfaction of such elements, the Court finds default judgment to be procedurally warranted in the instant case. *See Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (stating that district courts are not required to set aside a default where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense").

### III. Default judgment is substantively proper.

Having found default judgment warranted under *Lindsey*, the Court now looks to the substantive merits of Plaintiff's claim. The Court first asks if Plaintiff's pleadings adequately establish a sufficient basis for default judgment — in short, whether Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 8. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206; FED. R. CIV. P. 8(a) (requiring a "short and plain statement" of the claim). Plaintiff's Complaint (ECF No. 1) and instant Motion (ECF No. 11) certainly suffice, properly alleging violations of 17 U.S.C. Section 501.

Section 501 of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). As discussed *supra* in Section II(a), Plaintiff must only prove (1) "ownership of a copyright in the Work" and (2) Defendant's "unauthorized copying of the work." *Rubin*, 2024 WL 3363920, at *2. Plaintiff has done so. First, Plaintiff alleges (and evidences) ownership of a valid copyright in the Work, listing a Certificate of Registration number issued by the Register of Copyrights on July 29, 2014. ECF No. 1-1 at 2. Second, Plaintiff provides a photograph of the Work displayed on Defendant's commercial website without permission. ECF No. 1-2 at 2.

Plaintiff specifically alleges willful infringement. ECF No. 11 at 11–12. The Fifth Circuit has stated that "an infringer acts willfully where 'he knows his actions constitute an infringement' even if the actions were not malicious." *Rubin*, 2024 WL 3363920, at *4 (quoting *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988)). Had Defendant responded to the instant lawsuit, the Court could have considered whether a finding of willfulness was warranted. However, Plaintiff's allegations of willful infringement must be taken as true due to the default — accordingly, the Court

6

finds that Defendant willfully infringed Plaintiff's copyright in the Work. *Id.* (finding willful infringement where defendant defaulted).

Plaintiff has also established that Defendant was properly served and that the Clerk entered Default. ECF Nos. 2, 7, 9. Plaintiff has also attested that, to the best of Plaintiff's knowledge, Defendant is not a minor, incompetent person, or engaged in active military service. ECF No. 8-1 at 2.

Hence, Plaintiff's claim is substantively meritorious. Although default judgments are an extreme remedy, Plaintiff's entitlement here is without question. *See Joe Hand Promotions, Inc. v. Stephanie G. Cuellar*, No. 4:24-CV-756-O, 2025 WL 361461, at *4 (N.D. Tex. Jan. 15, 2025) (finding a plaintiff's entitlement to default judgment "beyond dispute" where their claim was both procedurally and substantively meritorious). The Court must now determine the relief to which Plaintiff is entitled, if any.

### IV. Plaintiff should recover statutory damages, attorneys' fees, costs, and pre-judgment interest.

In the instant Motion, Plaintiff asks this Court for statutory damages amounting to $21,000.00, pre-judgment interest, costs amounting to $490.00, attorneys' fees amounting to $2,435.00, and a permanent injunction against Defendant. ECF No. 11 at 19. The Court finds that Plaintiff is entitled to $5,000.00 in statutory damages with prejudgment interest and $2,317.50 in attorneys' fees and costs.

#### a) *Actual and statutory damages*

Pursuant to 17 U.S.C. Section 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Id.* Alternatively, a copyright owner may elect "to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." 17 U.S.C. § 504(c)(1). "Within the range defined by the statutory maximum and minimum, the court has virtually unfettered discretion in

setting the damage award." *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 560 (N.D. Tex. 1997) (citing *F.W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 231 (1952)).

Although Plaintiff "believes his actual damages to be at least $7,000," he posits that an award of actual damages is "insufficient due to Defendant's refusal to appear and participate in discovery." ECF No. 11 at 16. Thus, Plaintiff seeks an award of statutory damages instead. *Id.* Because the "presumption of the pleadings' truth for default cases ends with damages," the Court conducts a step-by-step calculation of damages. *Rubin*, 2024 WL 3363920, at *4. Plaintiff alleges that he would have charged a license fee of $1,400.00 for a two-year, commercial display of the Work. ECF No. 11-2 at 2. Plaintiff further asserts that the Work has "lost significant value in its scarcity and exclusivity" due to Defendant's attribution-free dissemination of the Work. ECF No. 11 at 14. To account for this loss, Plaintiff calculates actual damages at $7,000.00 — a result of applying a scarcity multiplier of five to the $1,400.00 licensing fee. *Id.* Plaintiff then builds on this number in his request for statutory damages, applying a multiplier of three to the actual damages amount. *Id.* at 17. This results in a total damages request of $21,000.00. *Id.*

Here, the Court finds an award in the amount of $5,000.00 for statutory damages to be reasonable. *See G&G Closed Cir. Events, LLC v. Mickey's Sports Bar & Grill LLC*, No. 3:17-CV-01310-M, 2017 WL 6527318, at *3 (N.D. Tex. Dec. 21, 2017) (awarding $5,000.00 in base statutory damages when the licensing fee would have been $1,400.00); *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, No. 3:16-CV-01889-M, 2017 WL 373478, at *4 (N.D. Tex. Jan. 26, 2017) (awarding $5,000.00 in base statutory damages when the licensing fee would have been $1,300.00); *J & J Sports Prods., Inc. v. Beck*, No. L-013-57, 2013 WL 5592333, at *2 (S.D. Tex. Oct. 9, 2013) (awarding $5,000.00 in base statutory damages when the licensing fee would have been $1,200.00–$1,600.00). Although "[s]carce images typically demand a much higher fee than common images,"

Plaintiff fails to identify any concrete evidence that "the Work has lost significant value in its scarcity and exclusivity" — this requires the Court to choose a multiplier commensurate with the goal of deterrence while avoiding excess. ECF No. 11 at 14; *Joe Hand Promotions, Inc.*, 2025 WL 361461, at *5 (finding that application of a four or five-times multiplier is warranted only "for more egregious conduct," such as charging patrons for unauthorized broadcasting or advertising).

For the above reasons, the Court **AWARDS** statutory damages in the amount of **$5,000.00**.

### b) *Pre-judgment interest*

Plaintiff requests pre-judgment interest. ECF No. 11 at 19. "When a cause of action arises out of a federal statute, federal law governs the award of prejudgment interest—both as to its allowance and its rate." *Powell v. Penhollow*, 260 Fed. App'x. 683, 691 (5th Cir. 2007). Here, the relevant cause of action arises out of the Copyright Act, and pre-judgment interest is not precluded under this federal statute. *Id.* Because the Copyright Act does not contain any reference to pre-judgment interest, the Court chooses to follow the pre-judgment interest rules prescribed by the Texas Finance Code.[1] *Carmel Cap., LLC v. Nu Home Source Realty LLC*, No. 4:19-CV-315-O, 2019 WL 13491383, at *5 (N.D. Tex. Dec. 17, 2019) (using the rules prescribed by the Texas Finance Code); *First Horizon Home Loans v. Sec. Mortg. Corp.*, No. 3:09-CV-2182-B, 2010 WL 3659908, at *2 (N.D. Tex. Sept. 16, 2010) (citing *Gore, Inc. v. Glickman*, 137 F.3d 863, 865–66 (5th Cir. 1998)).

The Texas Finance Code states that pre-judgment interest is calculated as simple interest and "accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." TEX. FIN. CODE ANN. § 304.104. Plaintiff contacted Defendant in writing regarding the alleged infringement on June 28, 2023, and filed suit on May 22,

---

[1] The current Texas interest rates can be found at: https://occc.texas.gov/publications/interest-rates.

2024. ECF No. 11 at 7. The 180th day after June 28, 2023, was December 25, 2023. Because this date is earlier than May 22, 2024, the accrual of pre-judgment interest will be considered to have started on December 25, 2023. The current pre-judgment interest rate is 7.50%. Therefore, the Court **AWARDS pre-judgment interest** at a rate of **7.50%** from the date of December 25, 2023, until the date that precedes this final judgment.

### c) Attorneys' fees and costs

The Court now considers attorneys' fees and costs. Courts have discretion to award full fees and costs under the Copyright Act. *See* 17 U.S.C. § 505. Plaintiff provides the billing records of his counsel at SRIPLAW, along with a supporting affidavit, showing that the following professionals worked on Plaintiff's case: (1) Senior Associate Craig A. Wirth (1.0 hour at $375.00 per hour); (2) Associate Marian V. Quintero (0.3 hours at $350.00 per hour); (3) Associate Sangheon Han (3.2 hours at $300.00 per hour); (4) Paralegal Rebecca L. Pollack (3.1 hours at either $175 or $200.00 per hour); (5) Paralegal Jamie James (0.2 hours at $275.00 per hour); and (6) Client Services Liaison Julian Gordon (2.7 hours[2] at $150.00 per hour). ECF Nos. 11-3, 11-4. The total listed expense for this work is $2,435.00. *Id.*

The Court takes note that $395.00 of the requested fees correspond to 2.7 hours of work by Julian Gordon, a Client Services Representative. *Id.* While paralegal fees may be recoverable, "the Court is unaware of precedent awarding *attorneys'* fees for services of 'Client Services Liaison.'" *Rubin*, 2024 WL 3363920, at *7 (emphasis in original). Thus, the Court **DEDUCTS $395.00** from Plaintiff's requested fees.

In addition, "paralegal fees are recoverable to the extent they're 'non-clerical' in nature." *Id.*; *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001). Of the time billed by paralegals Rebecca L.

---

[2] Counsel for Plaintiff states that Julian Gordon expended 2.5 total hours on the instant matter. ECF No. 11-3. However, the billing statement provides that Julian Gordon expended 2.7 total hours. ECF No. 11-4.

Pollack and Jamie James, the Court notes the following clerical entries: (1) 0.2 hours billed to "combine summons and complaint" and "send to process server;" (2) 0.1 hours billed to "check on service of process;" (3) 0.2 hours billed to "file ROS with the Court and move to next step;" (4) and 0.1 hours billed to "add case to default spreadsheet." ECF No. 11-4 at 2. Accordingly, the Court further **DEDUCTS $127.50** from Plaintiff's requested attorneys' fees.[3]

Plaintiff also submits evidence of $490.00 in costs. ECF No. 11 at 19. These costs consist of an $85.00 service of process fee and a $405.00 filing fee for the instant action. ECF No. 11-4 at 3. However, service of process fees are typically not recoverable. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. ex rel. Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997) (finding that "the district court should have denied these unnecessary private service costs"). Thus, the Court **DEDUCTS $85.00** from Plaintiff's requested costs.

For the above reasons, the Court **AWARDS $1,912.50** in attorneys' fees and **$405.00** in costs, totaling an amount of **$2,317.50**. The Court breaks down Plaintiff's recoverable attorneys' fees and costs as follows:

- $2,435.00 (total attorneys' fees)
- - $395.00 (2.7 hours of Client Services Representative work)
- - $127.50 (.6 hours of clerical paralegal work)
- $490.00 (total costs)
- - $85.00 (private service cost)
- = $2,317.50 in recoverable fees and costs

---

[3] This total results from 0.2 hours of work from Jamie James for $55.00 and 0.4 hours of work from Rebecca L. Pollack at $72.50.

11

### *d) Injunctive Relief*

Plaintiff asks that the Court permanently enjoin Defendant and "all those in active concert and participation with Defendant" from further infringements of his copyrighted material. ECF No. 11 at 17–18. A court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A party seeking a permanent injunction must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [Plaintiffs] outweighs any damage the injunction might cause to [Defendants]; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir.1996) (citing *Plains Cotton Co-op. Ass'n v. Goodpasture Comput. Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.1987)).

The Court does not find Plaintiff entitled to a permanent injunction, as there is no continuing and substantial threat of irreparable injury. Plaintiff states that Defendant "removed the Work from its website after notice from [Plaintiff]," and there is no indication that Defendant is continuing to display the Work on its website. ECF No. 11 at 12. Injunctions are a "drastic and extraordinary remedy" only granted upon the movant clearly carrying the burden of persuasion, and the Court does not find that Plaintiff has adequately established the requisite showing to receive injunctive relief. *Rubin*, 2024 WL 3363920, at *5; *see Designer Techs., Inc. v. Killett*, No. 3:12-CV-5277-L, 2014 WL 25518, at *3 (N.D. Tex. Jan. 2, 2014) (granting an injunction where the infringing materials were not removed from the Internet). Accordingly, the Court **DENIES** Plaintiff's request for a permanent injunction.

### CONCLUSION

For the above reasons, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 11) is **GRANTED in part** and **DENIED in part**. The Court **AWARDS** Plaintiff **$5,000.00**

in damages with pre-judgment interest at a rate of **7.50%**,[4] **$1,912.50** in attorneys' fees, and **$405.00** in costs.

    **SO ORDERED**.

    February 10, 2025

                                                 MATTHEW J. KACSMARYK
                                                 UNITED STATES DISTRICT JUDGE

---

[4] The specific amount of pre-judgment interest that has accrued on Court-awarded damages will be reflected in the forthcoming Final Judgment.